**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

**UNITED FOR MISSOURI, et al.,**

     Plaintiffs,

v.                                                                    Case No. 4:17-cv-2405-NAB

**ST. CHARLES COUNTY, et al.,**

     Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF**
**COUNTY DEFENDANTS' MOTION TO DISMISS**

COME NOW St. Charles County ("County"), St. Charles County Department of Public Health ("Department") and Hope Woodson, Director ("Director") (collectively "County Defendants"), by and through undersigned counsel, and for their Memorandum in Support of County Defendants' Motion to Dismiss Plaintiffs United for Missouri ("United"), Dan Rakers ("Rakers") and John Doe's ("Doe")[1] (collectively "Plaintiffs") Petition, state as follows:

I.      Background

Prescription drug abuse and misuse is inherently dangerous to the health, safety, and welfare of County residents, and County is authorized by Charter and state statute to exercise legislative power to enhance public health and welfare. Petition Exhibit 2. On September 26, 2016, the St. Charles County Council enacted Ordinance 16-070, establishing a new chapter of the Ordinances of St. Charles County, Missouri, to develop, regulate and administer a program for monitoring the prescribing and dispensing of certain controlled

---

[1] Although Plaintiffs never obtained leave from the Court for Doe to proceed under a pseudonym, in these Suggestions Doe will be referred to by the pseudonym used in Plaintiffs' Petition.

substances ("PDMP"). Petition, ¶¶ 9-10 and Petition Exhibit 2. The PDMP forms part of a cohesive strategy for heroin and opiate overdose prevention, and is predicated on an intergovernmental agreement with St. Louis County. Petition Exhibit 3.

On August 3, 2017, Plaintiffs filed their Petition for Declaratory Judgment alleging that the PDMP violates the Fourth Amendment of the United States Constitution, that the PDMP violates Article I, Section 15 of the Missouri Constitution, that the PDMP violates Section 195.375, RSMo., and that the PDMP violates Section 338.210, RSMo. Plaintiffs are seeking declaratory relief, as well as costs and attorney fees.

II.     Standard of Review

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint. *MM Silta, Inc. v. Cleveland Cliffs, Inc.*, 616 F.3d 872, 876 (8th Cir. 2010). Federal Rule of Civil Procedure 8(a) requires a short and plain statement of the facts showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). That pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (nternal citations, quotation marks, and alteration omitted.) If a claim fails to allege one of the elements necessary for recovery on a legal theory, that claim must be dismissed for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F. 3d 346, 355 (8th Cir. 2011).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of entitlement to relief." *O'Grady v. City of Ballwin*, 866 F. Supp. 2d 1073, 1077 (E.D. Mo. 2012) (internal quotations and alteration omitted).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff" but a complaint must nonetheless "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). Threadbare recitals of a cause of action, supported by mere conclusory statements do not suffice. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U. S. at 555 (2007). Although courts must accept the factual allegations as true, they are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted approvingly by *Twombly*, 550 U.S. at 555); *see*, *Iqbal*, 556 U. S. at 679. "A gallimaufry of labels, conclusions, formulaic recitations, naked assertions and the like will not pass muster." *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 934 (8th Cir. 2012).

III.    Argument

a.    Department is not a suable entity.

The Court should dismiss Department as a defendant because it is not a separate, juridical entity subject to suit under any cognizable law.

Local governmental entities which cannot be sued under applicable state law cannot be sued in federal court under Rule 17 of the Federal Rule of Civil Procedure. *Catlett v. Jefferson County*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004). The Missouri Supreme Court has held that departments of a municipality cannot be sued unless statutorily authorized: "...[A]ny … department or utility of a city, unless expressly made suable by statute, cannot

be sued either on a contract or for a tort; and this for the reason that if liability exists, the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action." *American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 227 S.W. 114, 116 (1920). *See also*, *White v. Camden County Sheriff's Department,* 106 S.W.3d 626, 631 (Mo.App. S.D.2003) (a county sheriff's department is not a legal entity capable of being sued).

In *Catlett*, the plaintiff sued the Jefferson County Sheriff's Department and also the Medical Department, a subdivision of the Jefferson County Sheriff's Department in a § 1983 action. *Catlett*, 299 F. Supp. 2d at 967-68. The Court granted a 12(b)(6) motion as to the two entities finding that neither was subject to suit but rather mere departments of the county. *Id.*, at 969.

Here, the allegations are nearly identical: Plaintiffs have sued Department, but have also correctly plead that Department is a mere department of County, consisting of three divisions. Petition, ¶ 5. As in *Catlett*, the Court should find that Department is not a separate, juridical entity subject to suit under any cognizable law, and Plaintiffs cannot prove any facts against Department entitling them to relief. Thus, County Defendants ask the Court to follow the holding in *Catlett* and dismiss this action against Department.

        b.        Plaintiffs lack standing.

The Court must address Plaintiffs' lack of standing prior to reviewing any substantive issues as standing is determinative to Plaintiffs' claims.

Federal courts only have jurisdiction to hear actual cases and controversies. U.S. Const. art. III, § 2, cl. 1. Standing is a threshold jurisdictional issue which requires that the plaintiff has suffered a concrete, particularized injury in fact which is fairly traceable to the

4

challenged action of defendants and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992). "The controversy requirement of the Declaratory Judgment Act is synonymous with that of Article III of the Constitution." *Carson v. Pierce*, 719 F.2d 931, 933 (8th Cir.1983) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–40 (1937); *Cass County v. United States*, 570 F.2d 737, 739 (8th Cir.1978)).

As a matter of law Plaintiffs cannot show standing under any legal theory to pursue their claims. Without standing, Plaintiffs have no ability to provide the Court jurisdiction for review of their petition and it is proper to dismiss the claims. As a result of this duty, standing by a party cannot be waived. *Sierra Club v. Robertson*, 28 F.3d 753, 757 (8th Cir. 1994). Plaintiffs bear the burden of establishing that they have standing to bring their claims against County Defendants in this matter. *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 11 (2004).

As explained throughout this Motion, no justiciable, real, substantial, or presently-existing controversy exists. Rather, Plaintiffs merely seek what amounts to an advisory decree upon a hypothetical situation. Further, Plaintiffs' Petition contains no factual allegations reflecting that either of them maintains any personal or pecuniary interest at stake in relation to this litigation. Consequently, Plaintiffs have failed to show that they possess standing to request the relief they seek, and, therefore, Plaintiffs' Petition should be dismissed as to County Defendants.

i)   Plaintiffs have not suffered an "injury in fact".

It is well-settled that the "irreducible constitutional minimum of standing" requires that the plaintiff has suffered an "injury in fact," which the Supreme Court has described as

"an invasion of a legally protected interest which is (a) concrete and particularized" and "(b) actual or imminent [.]" *Lujan*, 504 U.S. at 560.

Here, Plaintiffs would have to plead that they have suffered an injury in fact; however, they have failed to do this on the face of their Petition.

### 1.  United.

United is a "Missouri Non Profit Corporation", with the self-proclaimed goal of "educating and mobilizing citizens about the impact of limited government and economic policy on the state and the impact of the federal government exceeding its Constitutional limits on achieving growth, opportunity and prosperity." Petition, ¶ 1. However, Plaintiffs' Petition does not state with any particularity that United has suffered an "injury in fact", or has any personal stake sufficient to confer standing. Indeed, even the most liberal construction of the allegations in Plaintiffs' Petition fails to reveal anything more than an abstract, ideological interest in the controversy.

The Supreme Court has held that such interests do not meet the "injury in fact" requirement. In *Sierra Club v. Morton*, 405 U.S. 727 (1972), an environmental protection interest group sought to enjoin a planned development in the Mineral King Valley in California. The Court held that a mere "interest in a problem," no matter how longstanding the interest and no matter how qualified the organization is in evaluating the problem, is not sufficient by itself to render the organization "adversely affected" or "aggrieved" within the meaning of the statute under which it sought review. *Id.*, at 739.

United's posture in this lawsuit is analogous to the interest group in Sierra Club. United has failed to, and cannot plead that it has suffered any injury in fact, and as such, its claims should be dismissed for lack of standing.

6

2.  Rakers.

According to Plaintiffs' Petition, Rakers is a "resident, citizen, taxpayer and registered voter of St. Charles County, Missouri." Petition, ¶ 2. However, nowhere in Plaintiffs' Petition is it stated that there is any prescription drug information that relates to Rakers that would potentially be subject to inclusion in the PDMP. In particular, nowhere is it stated that Rakers has been diagnosed with any medical condition necessitating the prescription of certain controlled substances that would be covered by the PDMP. Similarly, nowhere is it stated that Rakers has been prescribed any controlled substance whatsoever.

On its face, Plaintiffs' Petition is devoid of any allegations that Rakers has sustained any injury in fact, or that he has any personal or pecuniary interest at stake. For this reason Rakers lacks standing and his claims should be dismissed.

ii)  Plaintiffs are not entitled to taxpayer standing.

Federal taxpayers lack standing under Article III of the United States Constitution to object to a particular expenditure of federal funds if their claim is based solely on the fact that they are taxpayers. *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 333 (2006). This is because a federal taxpayer's interest in United States treasury funds is too small and indeterminable to give that taxpayer standing to sue in federal court. A similar rationale has also been applied to state taxpayers. *Doremus v. Bd. of Ed. of Borough of Hawthorne*, 342 U.S. 429, 433-434 (1952). However, the situation is different when the controversy involves municipal taxpayers, as it has been held that they have a direct interest in a municipality's application of its moneys, and that an injunctive remedy to prevent the illegal disposition of those moneys is appropriate. *Frothingham v. Mellon*, 262 U.S. 447, 486 (1923) (citing *Crampton v. Zabriskie*, 101 U.S. 601, 609 (1879)).

7

Here, however, none of the allegations in Plaintiffs' Petition contain a challenge to the expenditure of municipal funds. In fact, nowhere do they allege any increased levy in municipal taxes related to the PDMP. In addition, Plaintiffs do not seek injunctive relief. Plaintiffs' mere allegations that Rakers and Doe are St. Charles County taxpayers, without any other factual allegations, are insufficient to demonstrate taxpayer standing. As a result Plaintiffs' claims should be dismissed for lack of standing.

iii) Plaintiffs do not possess third-party standing.

"Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party." *Barrows v. Jackson*, 346 U.S. 249, 255 (1953). *See also*, *Flast v. Cohen*, 392 U.S. 83, 99 n. 20 (1968); *McGowan v. Maryland*, 366 U.S. 420, 429 (1961).

The rationale behind this prudential rule against third-party standing is that courts should avoid adjudicating the rights of parties who may not wish to assert those rights, and that prohibiting third-party standing will generally improve the quality of litigation and judicial decision-making in that the most effective advocates of the rights at issue will be present to advocate for them. *Duke Power Co. v. Carolina Envt'l Study Group*, 438 U.S. 59, 80 (1978) (internal citations omitted).

Here, Plaintiffs "seek to protect the constitutional rights of St. Charles County citizens, as patients, and their medical providers". Petition, ¶ 21. However, there is no indication that St. Charles County citizens or their medical providers even share Plaintiffs' myopic view of the PDMP. Indeed, Plaintiffs' Petition entirely ignores the widespread interest in combating the pervasive public safety threat posed by the current heroin and opiate overdose epidemic. For these reasons Plaintiffs should not be permitted to assert third-party standing.

iv)  United does not possess associational standing.

In *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977), the United States Supreme Court stated that the "case or controversy" requirement of Article III, section 2 of the United States Constitution requires that an association have standing. An association that itself has not suffered a direct injury from a challenged activity nevertheless may assert "associational standing" to protect the interests of its members if certain requirements are met. *Id*. at 343. *Hunt* set out a three-part test to analyze whether the requirements for associational standing have been met in a particular case: The association must demonstrate that "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Id*.

In this case, United cannot demonstrate, nor has it plead that its members would otherwise have standing to sue in their own right, i.e. that any of them have a personal or pecuniary interest directly at stake in the litigation, or that any of them could satisfy the requirements for taxpayer standing. Consequently, United should not be permitted to exercise associational standing in this case.

v)  Doe lacks standing because it is a fictitious entity.

Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall give the names of all the parties to the suit. Indeed, "[t]here is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998).

Doe's claimed privacy interest is in direct conflict with, and is outweighed by, the needs of both the public and County Defendants. When Doe's name is hidden, the public cannot as closely scrutinize the workings of its courts. "The people have a right to know who is using their courts." *Id.* (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)). Furthermore, to grant anonymity[2] for Doe would be unfair to County Defendants because it would effectively amount to a judicial endorsement of Doe's claims on the merits. Determining res judicata is also a problem. County Defendants and the court must be able to determine if the claim has already been brought by this plaintiff, or, if in the future this claim has been brought again. *See*, *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (noting "inherent problems" in fictitious name procedure, including the possible inability to fix res judicata effect).

There are three factors which, while not exhaustive, provide guidance for when a plaintiff may be permitted to proceed anonymously: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Luckett*, 21 F. Supp. 2d at 1029 (internal citations omitted).

Only the first factor is arguably present in this case. With respect to the second factor, Doe's alleged privacy right related to his prescription information, specifically the claim that he suffers from attention deficit disorder, Petition, ¶ 33, is not information that

---

[2] Plaintiffs have failed to request permission to proceed under a pseudonym, to date. Instead, Plaintiffs took it upon themselves to conceal the identity of the only plaintiff who may arguably have standing to pursue this lawsuit. Plaintiffs purport to proceed with a "Declaration", but this document deserves absolutely no weight as it is neither notarized, nor created under oath, and it is actually signed with the unauthorized pseudonym. Petition Exhibit 1. Plaintiffs have attempted to create standing through the use of this apparently entirely fictitious entity, and this creates an extraordinary hurdle to County Defendants' ability to prepare an effective defense. County Defendants strongly object to, and oppose any belated attempt by Plaintiffs to remedy this defect.

can be considered "of the utmost intimacy". Indeed, it has been held that "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe,* 112 F.3d at 872. The third factor is entirely absent from Plaintiffs' Petition. For these reasons Doe is not entitled to proceed under a pseudonym, and therefore, on the face of the pleadings, he lacks the requisite standing to bring his claims, and they should be dismissed.

> c.      Failure to name a necessary party.

Federal Rule of Civil Procedure 19(a) provides for joinder of persons needed for just adjudication. *Diagnostic Unit Inmate Council v. Motion Picture Ass'n of Am., Inc.*, 953 F.2d 376, 378–79 (8th Cir. 1992). Rule 19(a) is fully applicable to declaratory judgment actions. *Id.* at 379. Declaratory relief may properly be withheld for non-joinder of interested parties. *Id.*

For purposes of a declaratory judgment action, such as the present case, interested parties include: persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience. *Clarendon Nat. Ins. Co. v. United Fire & Cas. Co.*, 4:08CV00023-WRW, 2008 WL 1819915, at *3 (E.D. Ark. Apr. 22, 2008), quoting *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968) (internal citations omitted).

Here, the challenged ordinance specifically authorized County to sign an intergovernmental agreement with St. Louis County to join in a common multi-county reporting system. Petition Exhibit 2, Section 11. Furthermore, the challenged ordinance by

its very terms recognizes that St. Louis County also has a narcotic monitoring program that contains substantially the same elements and requirements as the challenged ordinance. Petition Exhibit 2, Section 10. If Plaintiffs' request for declaratory relief were to be granted and the PDMP were declared to be unconstitutional, it would necessarily follow that St. Louis County's narcotic monitoring program would be directly impacted. Therefore, St. Louis County has a demonstrable interest in the outcome of the present litigation, and is an indispensable party on the basis that its interests will be affected by any final decree.[3] In addition, St. Louis County's joinder would not deprive the district court of jurisdiction over the subject matter of the action.

For these reasons Plaintiffs claims should be dismissed for failing to name a necessary party.

        d.    Plaintiffs' Fourth Amendment claims should be dismissed for failure to state a claim.

Plaintiffs allege that the PDMP violates their right to privacy under the Fourth Amendment related to their prescription drug information and physical and mental health information revealed from such prescription drug information. Petition, Count I.

It is well settled that there is no "general constitutional 'right to privacy.' *Katz v. United States*, 389 U.S. 347 (1967).

In *Whalen v. Roe*, 429 U.S. 589 (1977) the Supreme Court upheld a New York law permitting the collection of names and addresses of persons prescribed certain dangerous drugs, finding that the statute's "security provisions," which protected against "public

---

[3] It should also be noted, that even if St. Louis County were considered to be merely a proper party, albeit not indispensable, it has been held that courts may even refuse declaratory relief for the nonjoinder of interested parties who are not, technically speaking, indispensable. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 155 (1967), abrogated on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977).

disclosure" of patient information were sufficient. *Id.* at 600-601. Further, the Court upheld the statute as a "reasonable exercise of New York's broad police powers." *Id.*, at 598. The Court also rejected the notion that a broad constitutional right of privacy emanates from the Fourth Amendment. *Id.* at 604, n. 32.

The Court stated: "[u]nquestionably, some individuals' concern for their own privacy may lead them to avoid or to postpone needed medical attention. Nevertheless, **disclosures of private medical information to** doctors, to hospital personnel, to insurance companies, and to **public health agencies are often an essential part of modern medical practice even when the disclosure may reflect unfavorably on the character of the patient. Requiring such disclosures** to representatives of the State having responsibility **for the health of the community, does not automatically amount to an impermissible invasion of privacy**. *Id.*, at 602 (emphasis added).

In the Eighth Circuit it is the rule that, in order to be a constitutional violation, the information disclosed must be either a shocking degradation or an egregious humiliation to further some specific state interest, or a flagrant breech of a pledge of confidentiality which was instrumental in obtaining the personal information. *Alexander v. Peffer*, 993 F.2d 1348, 1350 (8th Cir.1993). Further, it has been noted that "courts have traditionally been reluctant to expand this branch of privacy beyond those categories of data which, by any estimation, must be considered extremely personal." *Eagle v. Morgan*, 88 F.3d 620, 625 (8th Cir.1996). *See also*, *Cooksey v. Boyer*, 289 F.3d 513, 516 (8th Cir.2002) (mayor's disclosure of chief of police's mental health treatment to town board was not "shockingly degrading or egregiously humiliating" so as to amount to a constitutional violation of privacy).

Here, according to Plaintiffs own pleadings, the challenged ordinance does in fact contain privacy protections. Petition, ¶ 16. Indeed, the PDMP mandates that dispensation information is deemed to be a closed record, and explicitly states that "[n]o person shall provide such information to any person or agency not authorized by this chapter to receive it." The PDMP also places an obligation on the County Counselor to take all reasonable and lawful steps to ensure non-disclosure of the dispensation information. Petition Exhibit 2, Section 4. Furthermore, the lawful disclosure of prescription dispensation information cannot be said to be a "shocking degradation or an egregious humiliation". Finally, the PDMP, enacted pursuant to County's broad police power to enhance the public health, Petition Exhibit 2, Section 1, is legitimate and entitled to a presumption of validity. "If reasonable minds might differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance." *St. Charles County v. St. Charles Sign & Elec., Inc.*, 237 S.W.3d 272, 275 (Mo.App. E.D. 2007) (citing *Bezayiff v. City of St. Louis*, 963 S.W.2d 225, 229 (Mo.App.1997)).

For the foregoing reasons, Plaintiffs have failed to plead a Fourth Amendment violation of their right to privacy as a matter of law, and thus their claims should be dismissed.

IV.    Conclusion[4]

Plaintiffs United, Rakers and Doe's claims should be dismissed because Department is not a suable entity, Plaintiffs' lack standing, Plaintiffs' Petition fails to name a necessary

[4] If this Court grants Defendants' Motion to Dismiss on the federal constitutional claims, Defendants respectfully request that this Court decline to exercise its jurisdiction over the remaining state law claims.

14

party, and Plaintiffs' Petition fails to state a claim upon which relief can be granted based on a Fourth Amendment violation of their right to privacy.

WHEREFORE, County Defendants request that the Court dismiss Plaintiffs' Petition and for any other orders which this Court deems proper.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

By: */s/ Rory P. O'Sullivan*
Rory P. O'Sullivan, #62388
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Tel: 636-949-7540
Fax: 636-949-7541
ROSullivan@sccmo.org

**ATTORNEY FOR COUNTY DEFENDANTS**

### CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of September, 2017, a true copy of the foregoing was delivered through the Court's electronic filing system, according to the information available on the system at the time of filing, to the following:

Edward D. Greim, 54034
Alan T. Simpson, 65183
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
edgreim@gravesgarrett.com
asimpson@gravesgarrett.com
Counsel for Plaintiffs

*/s/ Rory P. O'Sullivan*

15