UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED FOR MISSOURI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:17-cv-2405 |
| | ) |
| ST. CHARLES COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF JOHN DOE'S SUGGESTIONS IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM**

The Court should grant Plaintiff John Doe leave to proceed under a pseudonym. The Court has discretion in determining whether to permit a plaintiff to proceed under a pseudonym. *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D. Mo. 1999). Federal courts recognize that proceeding under a pseudonym is most often appropriate where the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir.1992)). *See*, *e.g.*, *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (granting plaintiff leave to proceed under a pseudonym to bring Privacy Act claim against the U.S. government). *See also In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669, 2016 WL 1366616, at *4 (quoting *Zavaras*, 139 F.3d at 803). In this case, public disclosure of Plaintiff Doe's identify would incur the injury Plaintiff seeks to avoid.

Plaintiff Doe's First Amended Complaint sets forth claims that government sharing of Plaintiff Doe's personal and prescription information violates Plaintiff Doe's rights under the Fourth Amendment (Count I), Article I, section 15 of the Missouri Constitution (Count II), and a

1

Missouri statute (Count III).  Defendants filed a Motion to Dismiss Plaintiff Doe (ECF No. 6), seeking to compel Plaintiff Doe to disclose in public court filings the precise information Doe's claims in this lawsuit seeks to keep confidential. Plaintiff John Doe recognizes that Defendants may test and discover information about Plaintiff John Doe allegations in this lawsuit, so long as all such information is kept confidential and under seal. *In re Ashley Madison Customer Data Security Breach Litigation*, 2016 WL 1366616, at *4 (finding that producing a plaintiff's real name and confidential information under a protective order cured any issue with defendants' ability to conduct discovery or mount a defense). However, forcing Plaintiff to publicly reveal Plaintiff's identify in this lawsuit, and thereby publicly disclose Plaintiff's personal and prescription information, would defeat the privacy interests Plaintiff's suit seeks to vindicate. This Court should grant Plaintiff John Doe leave to proceed under a pseudonym.

**Facts**

Plaintiff John Doe is a resident, citizen, taxpayer and registered voter of St. Charles County, Missouri. First Am. Compl. ¶10. Plaintiff Doe takes a prescription drug, Adderall, that is classified in schedule II under the federal Controlled Substances Act. *Id.* ¶¶11, 16. Plaintiff Does' medication was prescribed by doctors in St. Charles County for a mental health condition Plaintiff Doe suffers from: attention deficit disorder. *Id.* ¶¶12, 15.

Plaintiff Doe fills prescriptions at pharmacies in St. Charles County. *Id.* ¶13. Plaintiff Doe's personal information is recorded and maintained through the monitoring program provided for by the St. Charles County Narcotics Control Act. *Id.* ¶14. Plaintiff Doe believes that Doe's current treatment plan is Doe's best medical option, *Id.* ¶23, but the St. Charles County Narcotics Control Act has made Plaintiff Doe seriously consider other treatment options. *Id.* ¶24.

It would be impractical for Plaintiff Doe to travel to a jurisdiction that does not have a prescription drug monitoring program to obtain Doe's prescription drugs. *Id.* ¶25.

The St. Charles County Narcotics Control Act requires that within seven (7) business days of having dispensed a Schedule II, III, or IV controlled substance, a dispenser shall electronically submit to the St. Charles Department of Public Health the following "dispensing information":

> (1) The pharmacy's Drug Enforcement (DEA) number; (2) The date of dispensation; (3) If dispensed via prescription, (a) the prescription number or other unique identifier; (b) whether the prescription is new or a re-fill; and (c) the prescriber's DEA or National Provider Identifier (NPI) number: (4) The National Drug Code (NDC) of the drug dispensed; (5) The patient's name, address and date of birth; and (6) An identifier for the patient to whom the drug was dispensed, including but not limited to any one of the following: (a) driver's license number; (b) the patient's government-issued identification number; or (c) the patient's insurance cardholder identification number.

*Id.* ¶38. This dispensing information can reveal medical diagnoses for individuals. *Id.* ¶44.

The Director of the St. Charles County Department of Public Health (hereinafter "the Director") must "review" the dispensing information, and requires the Director to disclose other government officials if: (1) the Director develops a "reasonable belief that a breach of professional standards has occurred"; or (2) "when advised that such information is required for conduct of an official investigation." *Id.* ¶39. The Director may enter into intergovernmental agreements and other political subdivisions to share dispensing information. *Id.* ¶42. Upon request, and without a warrant or procedural safeguard, the Director may share dispensation information to local or state departments of public health who have adopted narcotic monitoring programs that contain substantially the same elements and requirements. *Id.* ¶40.

Plaintiff Doe filed this lawsuit because Plaintiff believes that information about Plaintiff's prescription drugs, medical condition, and Plaintiff's physical and mental health

should remain between Plaintiff and Plaintiff's health care providers. *Id.* ¶17. Plaintiff Doe expects that all such will remain private and will not be shared with the government or law enforcement as a matter of course. *Id.* ¶18. Plaintiff Doe is distressed by the fact that the Director of the St. Charles County Department of Public Health is able to obtain Plaintiff's prescription records easily and without a warrant. *Id.* ¶21. Plaintiff Doe is also distressed that the same person can provide Plaintiff's prescription records to others without a warrant. *Id.*

## Discussion

Rules 10 and 17 of the Federal Rules of Civil Procedure generally require a plaintiff to state his or her real name. Courts grant a plaintiff the right to proceed under a pseudonym when the plaintiff's interest in maintaining their anonymity outweighs the public's right of access to judicial proceedings. *Doe*, 210 F. Supp. 3d at 1173. Plaintiff's strong interest in maintaining Plaintiff's anonymity should prevail in this case. If Plaintiff Doe is required to proceed under Plaintiff's own name, it will require Doe to publicly disclose the private dispensing information (and the attendant medical condition) that Defendants are wrongfully disclosing to other government officials. Plaintiff should not be forced to disclose this information in order to vindicate a right to keep it private and confidential. *Id.*

> The public has a First Amendment right to access judicial proceedings, and that right includes the identity of the parties to litigation. . . . Indeed, when a plaintiff commences an action in federal court, he invites public scrutiny of the dispute and the proceeding. . . . The decision to allow pseudonyms is within a court's discretion. . . . Neither the Eighth Circuit nor the Supreme Court has addressed the issue of when a pseudonym may be used; however, many federal courts of appeal and numerous district courts have reached this issue. . . .These courts have held that a totality-of-the circumstances balancing test must be used when deciding whether a party can sue under a pseudonym; in other words, the court must ascertain whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings. . . .

*In re Ashley Madison Customer Data Security Breach Litigation*, 2016 WL 1366616, at *2 (internal citations and quotations omitted) (Ross, J.); *see also Michael v. Charter Commc'ns, Inc.*, No. 4:17-CV-1242 JMB, 2017 WL 2833404, at *4 (E.D. Mo. June 30, 2017).

"The courts have identified several factors common to cases in which a plaintiff has been permitted to proceed under a fictitious name, including (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading." *In re Ashley Madison Customer Data Security Breach Litigation*, MDL No. 2669, 2016 WL 1366616, at * 2. *See also Michael*, 2017 WL 2833404, at *4; *Doe H.M. v. St. Louis Cty.*, No. 4L07-CV-2116CEJ, 2008 WL 151629, at *1 (E.D. Mo. Jan. 14, 2008). However, this Court recognizes that a pseudonym is particularly appropriate where, as here, the "injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *In re Ashley Madison Customer Data Security Breach Litigation*, 2016 WL 1366616, at *4 (quoting *Zavaras*, 139 F.3d at 803).

The balancing factors also weigh in favor of permitting Plaintiff Doe to proceed anonymously:

(1) Plaintiff Doe plainly challenges government activity—the activity of St. Charles County, the County's Department of Public Health, and its Director.

(2) Plaintiff is required through this litigation to disclose medical and health information of the utmost intimacy. *See*, *e.g. Ore. Prescription Drug Monitoring Program v. DEA*, 860 F.3d 1228, 1235 (9th Cir. 2017) (permitting Intervenors to proceed under pseudonyms in challenge to prescription drug monitoring program and stating "We acknowledge the particularly private nature of the medical information at issue here and thus do not question the

5

seriousness of Intervenors' fear of disclosure."); *United States Dep't. of Justice v. Utah Dep't. of Commerce*, Case No. 2:16-cv-611-DN-DBP, 2017 WL 3189868 (D. Utah July 27, 2017) (permitting Intervenors to proceed under pseudonyms in challenge to DEA administrative subpoenas to prescription drug monitoring program). "In cases involving intensely personal matters, the normal practice of disclosing the parties' identities yields to a policy of protecting privacy." *In re Ashley Madison Customer Data Security Breach Litigation*, 2016 WL 1366616, at *3 (citation and internal quotations marks omitted). "The common thread running through these cases is the presence of some social stigma or the threat of physical harm to the plaintiffs attaching to disclosure of their identities to the public record." *Id.* (citation and internal quotations marks omitted).

In *Ashley Madison*, plaintiffs asserted "that being forced to proceed publicly [(and thereby acknowledge subscription to an adult cheating website)] would allow others to scrutinize their extremely sensitive personal, sexual, and financial information, the exact injuries their lawsuit seeks to address, and expose them to the threat of personal humiliation as well as extortion. *Id.* Some plaintiffs in related suits did not request anonymity. *Id.* Even though the *Ashley Madison* plaintiffs' voluntary conduct created the possibility of humiliation, the court granted leave to proceed anonymously for plaintiffs who so desired. *Id.* at *4. The only exception to anonymity the court recognized was for class representatives. *Id.* The court held requiring class representatives proceed in their own name was essential "so that the public, including the putative class members they seek to represent, know who is guiding and directing the litigation." *Id.*

In this case, the possible injury to Plaintiff John Doe resulting from public disclosure of Doe's identity similarly rises above the level of mere embarrassment or harm to reputation.

6

Mental illness presents the risk or a social stigma. *See*, *e.g.*, *Coldren v. Astrue*, No. 10-CV-04080-DEO, 2011 WL 4352500, at *16 (N.D. Iowa Sept. 15, 2011) ("[T]here is an obvious social stigma attached to admitting that a family member suffers from mental illness.").

(3)   Plaintiff Doe does not allege that Doe risks valid criminal prosecution for any information pleaded in the Petition or First Amended Complaint. However, Plaintiff Doe *does risk* retaliation and discrimination from individuals who have access to Plaintiff Doe's private prescription, health, and personal information, as well as individuals who have strong political disagreements with Plaintiff Doe's assertion of Doe's constitutional and statutory rights.

**Conclusion**

In conclusion, this Court should exercise its discretion to grant leave for Plaintiff John Doe to proceed under a pseudonym.

Date: October 12, 2017

Respectfully submitted,

**GRAVES GARRETT, LLC**

*/s/ Edward D. Greim*
Edward D. Greim, EDMO Bar #54034MO
Alan T. Simpson EDMO Bar #65183MO
1100 Main Street, Suite 2700
Kansas City, Missouri 64105
Tel.: (816) 256-3181
Fax: (816) 222-0534
edgreim@gravesgarrett.com
asimpson@gravesgarrett.com

*Attorney for Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2017, a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which sent notification to all counsel of record via email.

                                              */s/ Edward D. Greim*
                                              Edward D. Greim, EDMO Bar #54034MO