IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**UNITED FOR MISSOURI, et al.**,

    Plaintiffs,

v.

**ST. CHARLES COUNTY, et al.**,

    Defendants.

Case No. 4:17-cv-2405-CAS

### MEMORANDUM IN OPPOSITION TO PLAINTIFF JOHN DOE'S MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

COME NOW St. Charles County and Hope Woodson, the Director of the St. Charles County Department of Public Health, in her official capacity (collectively "County Defendants"), by and through undersigned counsel, and for their Memorandum in Opposition to Plaintiff John Doe's ("Doe") Motion for Leave to Proceed under a Pseudonym, state as follows:

1. Rule 10(a) of the Federal Rules of Civil Procedure provides that a complaint shall give the names of all the parties to the suit. Indeed, "[t]here is a strong presumption against allowing parties to use a pseudonym." *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1029 (D. Minn. 1998).

2. Doe's claimed privacy interest is in direct conflict with, and is outweighed by, the needs of both the public and County Defendants. When Doe's name is hidden, the public cannot as closely scrutinize the workings of its courts. "The people have a right to know who is using their courts." *Id.* (citing *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997)).

3.     To grant anonymity for Doe would be unfair to County Defendants because it would effectively amount to a judicial endorsement of Doe's claims on the merits.

4.     Determining res judicata is also a problem. County Defendants and the court must be able to determine if the claim has already been brought by this plaintiff, or, if in the future this claim has been brought again. *See*, *Roe v. Ingraham*, 364 F. Supp. 536, 541 n.7 (S.D.N.Y. 1973) (noting "inherent problems" in fictitious name procedure, including the possible inability to fix res judicata effect).

5.     There are three factors which, while not exhaustive, provide guidance for when a plaintiff may be permitted to proceed anonymously: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information of the utmost intimacy; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Luckett*, 21 F. Supp. 2d at 1029 (internal citations omitted).

6.     While the first factor is arguably present in this case, the same cannot be said for the second factor. Doe's alleged privacy right related to his prescription information, specifically the claim that he suffers from attention deficit disorder, First Amended Complaint, ¶ 15, is not information that can be considered "of the utmost intimacy". Indeed, it has been held that "[t]he fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems." *Doe,* 112 F.3d at 872. Here, Doe has not presented any authority to support his argument that his mental disorder is the sort of mental illness that presents the risk of social stigma.[1] Similarly, he has failed to present

---

[1] Attention deficit disorder is considered a developmental disorder. https://www.nimh.nih.gov/health/publications/could-i-have-adhd/index.shtml#pub1. It is not an uncommon

any authority to demonstrate that the mere knowledge of the existence of a prescription for Adderall would allow someone to deduce his particular mental disorder.[2] The third factor is entirely absent from Plaintiffs' Petition.

7. For these reasons Doe is not entitled to proceed under a pseudonym.

WHEREFORE, County Defendants request that the Court deny Plaintiff John Doe's Motion for Leave to Proceed under a Pseudonym, and for any other orders which this Court deems proper.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

By:/s/ Rory P. O'Sullivan
Rory P. O'Sullivan, #62388
Associate County Counsel
100 North Third Street
St. Charles, Missouri 63301
Tel: 636-949-7540
Fax: 636-949-7541
ROSullivan@sccmo.org

**ATTORNEY FOR COUNTY DEFENDANTS**

---

disorder. "Approximately 10 million adults have attention-deficit/hyperactivity disorder (ADHD)." http://www.help4adhd.org/Understanding-ADHD/For-Adults.aspx
[2] Adderall can be used to treat other disorders, including narcolepsy. https://www.mayoclinic.org/drugs-supplements/dextroamphetamine-and-amphetamine-oral-route/description/drg-20071758

3

## CERTIFICATE OF SERVICE

      I hereby certify that on the 23rd day of October, 2017, a true copy of the foregoing was delivered through the Court's electronic filing system, according to the information available on the system at the time of filing, to the following:

Edward D. Greim, 54034
Alan T. Simpson, 65183
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
edgreim@gravesgarrett.com
asimpson@gravesgarrett.com
Counsel for Plaintiffs

                                                                          /s/ Rory P. O'Sullivan