IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **UNITED FOR MISSOURI, et al.**, <br><br> Plaintiffs, <br><br>v. <br><br>**ST. CHARLES COUNTY, et al.**, <br><br> Defendants. | Case No. 4:17-cv-2405-CAS |

## MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND COUNTS II AND III AND STAY COUNT I OF THE FIRST AMENDED COMPLAINT

COME NOW St. Charles County and Hope Woodson, the Director of the St. Charles County Department of Public Health, in her official capacity (collectively "County Defendants"), by and through undersigned counsel, and for their Memorandum in Opposition to Plaintiffs United for Missouri, Carl Bearden, Dan Rakers and John Doe's (collectively "Plaintiffs") Motion to Remand Counts II and III and Stay Count I of the First Amended Complaint, state as follows:

 I. Background

Prescription drug abuse and misuse is inherently dangerous to the health, safety, and welfare of St. Charles County residents, and St. Charles County is authorized by Charter and state statute to exercise legislative power to enhance public health and welfare. First Amended Complaint Exhibit 2. On September 26, 2016, the St. Charles County Council enacted Ordinance 16-070, establishing a new chapter of the Ordinances of St. Charles County, Missouri, to develop, regulate and administer a program for monitoring the prescribing and dispensing of certain controlled substances ("PDMP"). First Amended Complaint, ¶¶ 35-36 and First Amended Complaint Exhibit 2. The PDMP forms part of a cohesive strategy for heroin and opiate overdose

prevention, and is predicated on an intergovernmental agreement with St. Louis County. First Amended Complaint Exhibit 3.

On August 3, 2017, Plaintiffs United for Missouri, Dan Rakers and John Doe filed suit against County Defendants in the 11th Judicial Circuit Court of Missouri, in *United for Missouri, et al. v. St. Charles County, et al.*, Cause No. 1711-CC00749. On September 14, 2017, County Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441. [Docket # 1]. On October 12, 2017, Plaintiffs filed their First Amended Complaint.[1] [Docket # 13]. Plaintiffs' First Amended Complaint alleges that the PDMP violates the Fourth Amendment of the United States Constitution, that the PDMP violates article I, section 15 of the Missouri Constitution, and that the PDMP violates and is pre-empted by Section 195.375, RSMo. Plaintiffs are seeking declaratory and injunctive relief, as well as costs and attorney fees. On October 16, 2017 Plaintiffs filed a Motion to Remand, and moved the Court to abstain from exercising supplemental jurisdiction over the state law claims in Counts II and III, remand the state law claims, and stay proceedings on Count I relating to Plaintiffs' Fourth Amendment claim, pending resolution of Plaintiffs' state law claims. [Docket # 17].

II.   Argument

  1.   Remand based on *Pullman* abstention is inappropriate.

Plaintiffs argue that remand is proper because, under *Railroad Comm'n v. Pullman Co.*, 312 U.S. 496 (1941), this Court should abstain from deciding the constitutional issues that Plaintiffs present in Count I of their Complaint until their claims in Counts II and III have been resolved in state court.

---

[1] Plaintiffs made several substantial amendments to their Complaint, including the removal of Count IV and the deletion of the St. Charles County Public Health Department as a defendant. However, it should be noted that Plaintiffs persisted in pleading the Fourth Amendment violation as their primary count in Count I.

In this case, *Pullman* abstention is not appropriate. *Pullman* abstention is proper only when (1) "the controlling state law [is] unclear," and (2) "a tenable interpretation of the state law [is] dispositive of the case." *Robinson v. City of Omaha, Neb.*, 866 F.2d 1042, 1043 (8th Cir. 1989).

Here, the PDMP is clear and no reasonable interpretation of state law would dispose of the entirety of this case. Indeed, Plaintiffs' claims amount to what is essentially a facial challenge to the plain and unambiguous language of the challenged County ordinance. See *MacBride v. Exon*, 558 F.2d 443, 448 (8th Cir. 1977) (rejecting abstention argument where "statutes challenged by the plaintiffs were plain and unambiguous"). "Where there is no ambiguity in the state statute, the federal court should not abstain but should proceed to decide the federal constitutional claim." *Wisconsin v. Constantineau*, 400 U.S. 433, 439 (1971).

Furthermore, in order for *Pullman* abstention to apply, the state law must be "obviously susceptible of a limiting instruction" and "a bare, though unlikely, possibility that state courts might render adjudication of the federal question unnecessary" is insufficient. *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237 (1984). *Pullman* abstention is limited to uncertain questions of state law because, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. U. S.*, 424 U.S. 800, 813 (1976). Here, the PDMP contains no severance clause and so is not susceptible of a limiting instruction. Also, for the reasons discussed below, it is unlikely that a state court would render a decision that would moot the federal question.

3

a) Plaintiffs' claims in Count III do not require abstention.

Plaintiffs argue that the PDMP conflicts with, and is preempted by Section 195.375, RSMo., and that this is a question of first impression. However, these arguments do not support abstention.

Contrary to Plaintiffs' claims, the PDMP does not conflict with Section 195.375, RSMo. Section 195.375.5, RSMo. states in relevant part: "Prescriptions, orders, and records, **required by this chapter and chapter 579**…shall be open for inspection only to federal, state, county, and municipal officers, whose duty it is to enforce the laws of this state or of the United States relating to narcotic drugs." (Emphasis added). On the other hand, the PDMP requires a dispenser of controlled substances to submit an entirely new electronic record containing the following dispensing information; (a) The pharmacy's Drug Enforcement (DEA) number, (b) The date of dispensation, (c) If dispensed via a prescription; (i) The prescription number or other unique identifier, (ii) Whether the prescription is new or a re-fill, (iii) The prescriber's DEA or National Provider Identifier (NPI) number, (d) The National Drug Code (NDC) of the drug dispensed, (e) The patient's name, address and date of birth, (f) The quantity of the drug dispensed, (g) An identifier for the patient to whom the drug was dispensed, including but not limited to any one of the following; (i) A driver's license number, (ii) The patient's government- issued identification number,  or (iii) The patient's insurance cardholder identification number. First Amended Complaint Exhibit 2, Section 3.2. This new record, and the Prescription Drug Monitoring Program itself, are not referred to in Section 195.375, RSMo., and, therefore Section 195.375, RSMo. has no application, and does not conflict with the PDMP.

The PDMP is not preempted by Section 195.375, RSMo. because the PDMP targets a matter of purely local concern, in as much as the challenged ordinance only seeks to regulate

4

activity locally, and not statewide. Indeed, Plaintiffs admit in their Motion to Remand that there is no express preemption, and instead argue implied preemption. Yet, even that argument is rather tenuously based on two chapters of state law being referred to as the "Comprehensive Drug Control Act". Section 195.005, RSMo. It is true that Missouri courts "must give meaning to every word or phrase of the legislative enactment." *Gurley v. Missouri Bd. of Private Investigator Examiners*, 361 S.W.3d 406, 413 (Mo. banc 2012). However, the mere labeling of a statute as "comprehensive" is not necessarily determinative. Indeed, here, there are several other provisions of state law outside of the "Comprehensive Drug Control Act" that relate to drug controls, including, but not limited to Section 334.105 to 334.107, RSMo. (the "Intractable Pain Treatment Act"), Section 332.361, RSMo. (as it relates to dentists), and Section 338.100 (record keeping requirements of pharmacists), to name but a few.

Plaintiffs rely heavily on their claim that the state courts have not had an opportunity to construe the ordinance. Even if true, that factor would not in itself be controlling. As stated above, when a statute is not ambiguous, there is no need to abstain even if state courts have never interpreted the statute. *Harman v. Forssenius*, 380 U.S. 528, 534 (1965). See also, *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491 (1985) (the court declined to abstain from deciding a facial challenge to a state statute when the suit was filed in federal court just four days after the statute took effect).

However, even if the PDMP was ambiguous, the PDMP would still be a valid exercise of St. Charles County's police power. A county's power is determined by article VI, section 18 of Missouri's Constitution. *K–Mart Corp. v. St. Louis County*, 672 S.W.2d 127, 131 (Mo. App. E.D. 1984). Section 18(a) permits a county to adopt a charter for its own government. *Id*. St. Charles County became a charter county in 1993. The police power is one of the powers delegated by the

5

state to charter counties pursuant to article VI, section 18(c). *Casper v. Hetlage*, 359 S.W.2d 781, 789 (Mo.1962). "Generally, the function of the police power has been held to promote the health, welfare, and safety of the people by regulating all threats either to the comfort, safety, and welfare of the populace or harmful to the public interest." *Craig v. City of Macon*, 543 S.W.2d 772, 774 (Mo. banc 1976). The PDMP is legitimate and entitled to a presumption of validity because it is enacted pursuant to St. Charles County's broad police power to enhance the public health. First Amended Complaint Exhibit 2, Section 1. "If reasonable minds might differ as to whether a particular ordinance has a substantial relationship to the protection of the general health, safety, or welfare of the public, then the issue must be decided in favor of the ordinance." *St. Charles County v. St. Charles Sign & Elec., Inc.*, 237 S.W.3d 272, 275 (Mo.App. E.D. 2007) (citing *Bezayiff v. City of St. Louis*, 963 S.W.2d 225, 229 (Mo.App.1997)).

For the foregoing reasons abstention is inappropriate.

b)  Plaintiffs' claims in Count II do not require abstention.

Plaintiffs argue that the PDMP is unconstitutional under article I, section 15 of the Missouri Constitution, and that only one lower Missouri court has examined article I, section 15 of the Missouri Consitution, as amended in 2014, and how it relates to the Fourth Amendment. However, this argument does not support abstention.

"The [United States Supreme] Court has previously determined that abstention is not required for interpretation of parallel state constitutional provisions." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. at 237, n. 4. It has been held, following the 2014 amendment, that article I, section 15 of the Missouri Constitution is coextensive with the Fourth Amendment, and that the same analysis applies under both provisions. *State v. Hosier*, 454 S.W.3d 883, 892, n. 6 (Mo.), *reh'g denied* (Mar. 31, 2015), *cert. denied*, 136 S. Ct. 37 (2015).

6

Indeed, as stated in *State ex rel Koster v. Charter Communications, Inc.*, 461 S.W.3d 851, 858 (Mo.App. W.D. 2015), in relevant part: "[c]ourts have long already interpreted the Fourth Amendment's protections as covering electronic communications and data in addition to "persons, houses, papers, and effects."… Because the Fourth Amendment is already being interpreted to protect electronic communications and data, we conclude that article I, section 15, even as amended, is not currently measurably more restrictive on the government than is the Fourth Amendment."

For the foregoing reasons abstention is not warranted.

2.      The Court should exercise its discretion and deny the request to remand.

Plaintiffs have consistently pleaded a violation of their rights under the Fourth Amendment. First Amended Complaint, Count I. Moreover, Plaintiffs agree that this Court has original jurisdiction over Plaintiffs' Fourth Amendment claim and that venue is proper. First Amended Complaint, ¶¶ 33, 34. However, they would prefer to divide the case and have two of their three counts adjudicated in Missouri state court, rather than in this Court.[2] Here, to grant remand would only serve to delay proceedings and lead to the duplication of the costs and efforts associated with this litigation. This would not be in the interests of judicial economy and efficiency. County Defendants should be allowed to defend themselves without having to maintain litigation in two separate courts.

This Court should not abstain, but should instead proceed to examine the federal question.

---

[2] Of course, Plaintiffs could elect to return to state court by simply dismissing their Fourth Amendment claim. By removing the federal question, Plaintiffs would arguably deprive this Court of its jurisdiction.

7

III.     Conclusion

Abstention is inappropriate in this case, because the state law, and the PDMP are clear; the PDMP does not conflict with state law, state law does not preempt the PDMP, the PDMP is a valid exercise of St. Charles County's police power, and article I, section 15 of the Missouri Constitution is co-extensive with the Fourth Amendment and so does not require any further Missouri state court proceedings. Finally, abstention would delay proceedings and greatly inhibit judicial economy and efficiency. Therefore, this Court should not remand.

WHEREFORE, County Defendants request that the Court deny Plaintiffs Motion to Remand Counts II and III and Stay Count I of the First Amended Complaint, and for any other orders which this Court deems proper.

Respectfully submitted,

**OFFICE OF THE ST. CHARLES COUNTY COUNSELOR**

By:/s/  Rory P. O'Sullivan
Rory P. O'Sullivan, #62388
Associate County Counselor
100 North Third Street
St. Charles, Missouri 63301
Tel: 636-949-7540
Fax: 636-949-7541
ROSullivan@sccmo.org

**ATTORNEY FOR COUNTY DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2017, a true copy of the foregoing was delivered through the Court's electronic filing system, according to the information available on the system at the time of filing, to the following:

Edward D. Greim, 54034
Alan T. Simpson, 65183
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
edgreim@gravesgarrett.com
asimpson@gravesgarrett.com
Counsel for Plaintiffs

          */s/Rory P. O'Sullivan*